IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ESTATE OF IRENE F. HAIRSTON )
and PEGGY M. H. ROBINSON, )
 )
                Plaintiffs, )
 )
                     v. )     1:07CV00704
 )
GOVERNOR MICHAEL EASLEY and )
the STATE OF NORTH CAROLINA, )
BRYANT [sic] THOMPSON, SURRATT )
AND THOMPSON PLLC, ABC, )
WESTERN SURETY BONDING CO., )
CNA, and FORSYTH COUNTY RISK )
MANAGEMENT, )
 )
                Defendants. )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF MAGISTRATE JUDGE ELIASON**

    This matter comes before the Court sua sponte. On June 11, 2008, this Court entered an order requiring the Plaintiff, which is the Estate of Irene F. Hairston, to have an attorney who is licensed to practice before this Court enter an appearance on the Estate's behalf. The Estate was warned that if it failed to do so, this action would be dismissed without further notice. The lawsuit was originally filed by Peggy M. Robinson on behalf of the Estate of Irene F. Hairston. Irene Hairston is the deceased mother of Peggy Robinson, who also names herself on the basis of her being the "curator" of her mother's Estate. The lawsuit has something to do with Irene Hairston's state appointed guardians while she was alive and apparently living in this District. The complaint alleges wrongdoing on behalf of a number of state officials (who have not been served) and by one or more attorneys in the nature of

malpractice.  In any event, the cause of action appears to involve state law issues and may be attempting to inappropriately relitigate matters decided in state court.

Ms. Robinson has claimed she has some sort of right to represent Ms. Hairston's Estate because she was the "curator" and "succession representative." (See Docket No. 13 at 4.)  The Estate and Ms. Robinson have been informed previously that Ms. Robinson would not be allowed to represent the Estate and that the Estate needed to have an attorney enter an appearance.  (See Docket No. 20.)  Ms. Robinson, for her part, has been filing inappropriate motions, such as a motion for summary judgment (see Docket No. 29) which she later inappropriately asked to have converted to a response to a motion to dismiss, which request was denied in a June 25, 2008 Order.  There is a pending motion to dismiss that has not been opposed and in the June 11, 2008 order, the Court noted that factor as an additional reason as to why a proper attorney needed to appear to represent the Estate.  However, no attorney has appeared and the motion to dismiss remains unopposed.  In addition, the Plaintiff has disobeyed an order of the Court by failing to have an attorney enter an appearance and, equally important, this case may not be prosecuted by Plaintiff without such an attorney. Accordingly, this action should be dismissed.

Rule 41(b) of the Federal Rules of Civil Procedure permits an action to be dismissed with prejudice when a plaintiff fails to prosecute the action or fails to obey a court order.  Four factors

should be considered in that regard.  They are: (1) the degree of the plaintiff's personal responsibility; (2) the existence of a protracted history of deliberately proceeding in a dilatory fashion; (3) the amount of prejudice to the defendant caused by the delay; and (4) whether less drastic sanctions are available.  <u>Doyle v. Murray</u>, 938 F.2d 33, 34 (4th Cir. 1991); <u>Herbert v. Saffell</u>, 877 F.2d 267, 270 (4th Cir. 1989).  Defendants, as well as the court, have a right to have cases move along the docket without undue delay.  <u>Pacific Indem. Co. v. United States</u>, 66 F.R.D. 493 (E.D.N.C. 1975).

In the instant case, the personal responsibility of the Plaintiffs is clear.  The Estate must be represented by a proper attorney and none has appeared.  There is some evidence of a protracted delay because, very early on, this Court informed Plaintiffs of the need to have a proper attorney enter an appearance.  Also, Plaintiffs were specifically warned in the June 11, 2008 order to have an attorney enter an appearance.  Defendants are prejudiced by the delay.  They have gone to the expense of filing a motion to dismiss which is unopposed.  In this instance, there are no less drastic sanctions because Plaintiffs simply cannot proceed without an attorney.  Thus, Plaintiffs have violated both prongs of Rule 41(b) by disobeying a court order and being in a position so as not to be able to proceed.  For this reason, it is concluded the action should be dismissed.

**IT IS THEREFORE RECOMMENDED** that this action be dismissed <u>sua sponte</u> for Plaintiffs' failure to prosecute and failure to obey a court order, all in violation of Fed. R. Civ. P. 41(b), and that this action be dismissed with prejudice.

/s/ Russell A. Eliason
**United States Magistrate Judge**

July 3, 2008